UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Case No. 11 CR 60

NOEMI A. PRIETO,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION IN LIMINE

Noemi Prieto is charged with eighteen counts of Medicaid fraud, contrary to 18 U.S.C. § 1347, and one count of endeavoring to influence, obstruct and impeded the due administration of justice, contrary to 18 U.S.C. § 1503. The indictment alleges that Prieto employed Rafael Nunez ("R.N."), an unlicensed physician, to treat patients and that his services were subsequently billed to Medicaid. Paragraph 3(g) of the indictment further alleges that Prieto's scheme included the following conduct: "R.N. was independently treating patients at Southeastern Pediatrics, Prieto pre signed blank prescription forms and provided them to R.N. R.N. completed the pre signed prescription forms and provided them to patients he was treating."

On January 30, 2012, Prieto filed a Motion in Limine seeking, pursuant to Rules 403 and 404(b), to exclude the introduction of any evidence and argument that she or Kathy Lemke pre signed blank prescription forms and provided them to Rafael Nunez for his use. Prieto argues that this evidence is not relevant and improper propensity evidence that should be barred from her trial pursuant to Fed. R. Evid. 404(b). According to PRIETO, the court should bar this evidence from her trial because it has the potential to prejudice the jury's view of the facts and cause the jury to confuse the issues. Moreover, she

maintains that evidence and argument that prescription forms were signed in blank would allow a jury to infer that if she has committed frauds in the past she is likely to do so again and, therefore, should be excluded from her trial under the cited evidentiary rules.

This court disagrees and finds that Prieto or Lemke may have signed blank prescription forms for Nunez in advance would make up direct evidence the government may present to prove the crime charged. That being so, Rule 404(b) does not preclude the admission of that evidence at trial or references to it in an opening statement or closing argument.

Prieto's alternative ground for excluding evidence and argument regarding the prescription forms is that it is cumulative, unnecessary, and without additional probative value because she concedes that she was aware that Nunez did not have a license to practice medicine. While Prieto may have entered a stipulation as the brief supporting the instant motion in limine asserts, the court has not located that stipulation on the docket. Consequently, the pending motion can not be resolved on that basis. Therefore, based on the present record, this court concludes that it will not be unfairly prejudicial if the government is allowed to present evidence and argument concerning prescription forms. Moreover, the probative value of that evidence is not substantially outweighed by a danger of confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Now, therefore,

IT IS ORDERED that defendant's motion in limine is denied.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE